NO. 07-09-0283-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 10, 2010

_____

RODNEY CARROLL KEELING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20539-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Rodney Carroll Keeling, filed a notice of appeal from his conviction for driving while intoxicated and enhanced sentence of 10 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. The appellate court clerk received and filed the trial court clerk's record on October 20, 2009, and the trial court reporter's record was received and filed on November 13, 2009. Appellant moved for an extension of time to file his brief, which was granted, making appellant's brief due on or before January 13, 2010. Appellant did not file his brief or request an extension of

time to file his brief by this deadline. Consequently, on January 20, 2010, this Court sent appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8, failure to file his brief by February 1, 2010 may result in the appeal being abated and remanded without further notice. As of the date of this order, appellant has failed to file his brief.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and, if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly appointed or newly retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of

the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court.  See TEX. R. APP. P. 38.8(b)(3).  In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than March 9, 2010.

Per Curiam

Do not publish.